[Cite as *Coleman v. Faith Community United Credit Union*, 2026-Ohio-2466.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| NICHOLE J. COLEMAN, | CASE NO. 2025-L-140 |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the<br>Court of Common Pleas |
| FAITH COMMUNITY UNITED CREDIT<br>UNION, | Trial Court No. 2025 CV 001483 |
| Defendant-Appellee. | |

## OPINION AND JUDGMENT ENTRY

Decided: June 29, 2026
Judgment: Affirmed

*Nichole J. Coleman*, pro se, 38241 Lakeshore Boulevard, No. 612, Willoughby, OH 44094 (Plaintiff-Appellant).

*Roy J. Schechter*, Weltman, Weinberg & Reis Co., L.P.A., 5990 West Creek Road, Suite 200, Independence, OH 44131 (For Defendant-Appellee).

MATT LYNCH, P.J.

{¶1} Appellant, Nichole J. Coleman, appeals the judgment of the Lake County Court of Common Pleas granting the motion to dismiss filed by appellee, Faith Community United Credit Union ("Faith Credit Union"), and dismissing Coleman's third amended complaint. After a careful review of Coleman's assignments of error, the record, and the pertinent law, we affirm the trial court's judgment.

{¶2} This case has a tortured and convoluted, albeit short, procedural history, in which Coleman was given several opportunities to amend her prior complaints (first filed on August 15, 2025) because she improperly filed as an agent for herself instead of pro

se and failed to attach exhibits to her subsequent filings. This matter came before the trial court on Coleman's third amended complaint, filed against Faith Credit Union on October 16, 2025, in which she brought claims of breach of fiduciary duty, dishonor and bad faith in commerce, estoppel by silence and acquiescence, and unjust enrichment. Coleman's claims arise from the alleged refusal of Fath Credit Union to accept her "tender of payment" as payment on the amount outstanding on her credit account.

{¶3} Coleman, who appears to subscribe to a sovereign citizen theory of negotiable instruments, alleged that on May 10, 2025, she hand delivered to Faith Credit Union's chief financial officer a "tender of payment," "remittance coupon," and power of attorney for her credit account. On May 27, 2025, Coleman mailed to Faith Credit Union an "opportunity to cure" letter, which included a response to Faith Credit Union's voicemail rejecting her "tender of payment," a notarized "affidavit of performance," a copy of the "tender of payment," and a "remittance coupon." On June 6, 2025, Coleman mailed a rebuttal to Faith Credit Union's voicemail rejection of her "legal tender." On June 21, 2025, Coleman mailed a "notice of default" to Faith Credit Union. On July 2, 2025, Coleman mailed a "notice of estoppel" to Faith Credit Union, which included a timeline of events, a "fee schedule," a "tender of payment," delivery receipts, and a power of attorney form. On July 12, 2025, Coleman visited Faith Credit Union, where she requested a copy of the credit account agreement. Faith Credit Union referred her to the credit card corporation.

{¶4} As part of the exhibits filed with Coleman's third amended complaint, she filed a copy of the "legal tender" that she submitted to, and that was rejected by, Faith Credit Union. The alleged "legal tender" was the payment stub on her credit card account

statement. On it, Coleman noted the amount she was paying, $1,854.01, and handwrote "accepted for deposit," "pay to bearer," and "Restricted Endorsement By: Coleman, Nichole J./Agent for: Nichole Coleman/principal (Without Recourse)." She also filed copies of the documents she sent to Faith Credit Union, which included citations to sections of the Uniform Commercial Code, and a durable power of attorney naming herself as "authorized agent for principal."

{¶5} As relevant among the various motions, replies, and sur-replies the parties filed in the trial court, Faith Credit Union filed a motion to dismiss Coleman's third amended complaint, which the trial court granted on November 13, 2025. In dismissing Coleman's third amended complaint, the trial court found that after taking all of Coleman's allegations as true and drawing all inferences in her favor, there was no set of facts that would entitle her to relief on her claims as a matter of law. The court noted the document Coleman had submitted as "legal tender" to pay the outstanding amount due on her credit account was not a negotiable instrument or other form of legally recognized payment.

{¶6} Coleman timely appealed and raises four assignments of error for our review:

{¶7} "[1.] The trial court improperly resolved disputed legal characterizations of Appellant's tender.

{¶8} "[2.] The trial court denied due process by dismissing all claims without adjudicating them.

{¶9} "[3.] The trial court abused its discretion by excusing Appellee's untimely filings without findings.

{¶10} "[4.] Negotiability could not be dispositive of all claims."

Case No. 2025-L-140

**Motion to Dismiss**

{¶11} Ohio is a notice-pleading state. *See Cincinnati v. Beretta U.S.A. Corp.*, 2002-Ohio-2480, ¶ 29. "A pleading that sets forth a claim for relief . . . shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A). "Each averment of a pleading shall be simple, concise, and direct," and "[n]o technical forms of pleading or motions are required." Civ.R. 8(E)(1). Further, "[a]ll pleadings shall be so construed as to do substantial justice." Civ.R. 8(F). "The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies." *Peterson v. Teodosio*, 34 Ohio St.2d 161, 175 (1973).

{¶12} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). In resolving a Civ.R. 12(B)(6) motion, courts are confined to the allegations in the complaint and cannot consider outside materials. *See State ex rel. Baran v. Fuerst*, 55 Ohio St.3d 94, 97 (1990). In construing the complaint, a court must presume all factual allegations are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). "However, unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss." *State ex rel. Martre v. Reed*, 2020-Ohio-4777, ¶ 12, citing *Mitchell* at 193. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt from the complaint the plaintiff can prove no set of facts entitling him or her to

recovery.  *Cleveland Elec. Illuminating Co. v. Pub. Util. Comm. of Ohio*, 76 Ohio St.3d 521, 524 (1996).

{¶13}  A judgment granting a Civ.R. 12(B)(6) motion to dismiss is subject to de novo review.  *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5.

{¶14}  The trial court did not err in dismissing Coleman's third amended complaint because she did not present a payment to Faith Credit Union on the outstanding amount due on her credit card account.  Handwritten notations on the payment stub of a credit account billing statement do not magically transform the payment stub into a negotiable instrument (e.g., a check, money order, certificate of deposit, promissory note, traveler's check) that can be used to pay the amount due on an account.

{¶15}  We are mindful that Coleman is sensitive to the term "sovereign citizen"; however, it appears she is attempting to make arguments based on a certain sovereign citizen theory known as "vapor money."  "The essence of the 'vapor money' theory is that promissory notes (and similar instruments) are the equivalent of 'money' that citizens literally 'create' with their signatures."  *McLaughlin v. CitiMortgage, Inc.*, 726 F.Supp.2d 201, 212 (D. Conn. 2010).  *See also* Enlo, *Sovereign Citizens and the Raging War of Paper Terrorism*, 78 Consumer Fin. L.Q. Rep. 250, 256 (2025) (the premise behind these theories is that "lenders have been creating unenforceable debts because they are lending credit rather than legal tender" and that "citizens" can literally create, by use of their signatures, the equivalent of money that the consumer can then use to "pay off" their debt obligations).

{¶16}  In a similar case, which was also dismissed pursuant to Civ.R. 12(B)(6), *Mitchell v. Atha, Dir. of Pub. Utils.*, 2025-Ohio-3247 (10th Dist.), the plaintiff-appellant

Case No. 2025-L-140

attempted to "tender" a "payment" by "scrawling language on top of an electric bill, apparently in an attempt to convert that bill into a check that would satisfy the debt." *Id.* at ¶ 3. The appellate court determined "the trial court correctly concluded that there is no conceivable way for [the appellant] to prove the elements of the claims he asserts, since he has not alleged and cannot show that any legitimate and legal form of payment was proffered or tendered on the outstanding electric bill." *Id*. at ¶ 9. "The modified bill he presented to the City does not meet the definition of a negotiable instrument. (. . . R.C. 1303.03(A) defin[es] 'negotiable instrument' as 'an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if . . . it is payable to bearer or to order at the time it is issued . . . is payable on demand or at a definite time, [and] it does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money . . . .')." *Id*. "And [the appellant] has neither alleged nor shown that any other form of payment was offered and wrongly rejected." *Id*. The Tenth District concluded by summarily overruling all of the appellant's assigned errors and affirming the judgment of the trial court. *Id*. at ¶ 10.

{¶17} We agree with the Tenth District in *Mitchell,* and in accordance with numerous state and federal precedents, including this court's, we summarily reject Coleman's arguments. "Sovereign citizen and other adjacent arguments, as the one in the case at bar, have been repeatedly dismissed as 'frivolous' and undeserving of significant discussion by numerous Ohio and federal courts." *SoFi Lending Corp. v. Williams*, 2024-Ohio-1166, ¶ 21 (8th Dist.) (citing a collection of cases). "These theories should be rejected summarily, however they are presented." *United States v. Benabe*,

Case No. 2025-L-140

654 F.3d 753, 767 (7th Cir. 2011). *See, e.g., State v. Graham*, 2023-Ohio-2728, ¶ 64 (11th Dist.) ("Courts have consistently rejected these assertions and deemed them baseless or frivolous."); *State v. Thigpen*, 2014-Ohio-207, ¶ 39 (8th Dist.) (appellant's arguments are "frivolous and have been held to be delay tactics"); *State v. Few*, 2015-Ohio-2292, ¶ 6 (2d Dist.) (finding a "sovereign citizen" argument "wholly frivolous"); *United States ex rel. Goldsmith v. Schreier*, 2012 WL 4088858, *4 (D.S.D. Sept. 17, 2012) (the sovereign citizen theory has been "consistently rejected," found "meritless and patently frivolous," and referred to as "nonsensical, gibberish, and having no conceivable validity in American Law"); *United States v. Cook*, 2019 WL 2721305, *2 (E.D. Tenn. June 28, 2019) ("[s]overeign citizen pleadings are 'dense, complex, and virtually unreadable'"); *Cleveland v. Long*, 2021-Ohio-941, ¶ 6 (8th Dist.) (collecting cases); *Wilmington Savs. Fund Soc., FSB v. Cordelia*, 2025-Ohio-5765, ¶ 15 (8th Dist.); *accord Sec. Credit Servs., LLC v. Miller*, 2024-Ohio-3371, ¶ 26 (11th Dist.).

{¶18} For the foregoing reasons, we find Coleman's assignments of error lack merit.

{¶19} The judgment of the Lake County Court of Common Pleas is affirmed.


JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-L-140

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
PRESIDING JUDGE MATT LYNCH

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-L-140